## LUNSFORD WOODY v. THE STATE.

No. 7785.   Decided May 14, 1924.

Rehearing denied October 24, 1924.

**1.—Murder—Transcript—Must Comply with Statute.**

A transcript which fails to show that the case was tried before a jury; that there was an arraignment or plea; does not show that the charge of the court nor the motion for a new trial were dated or filed and the order extending time for filing statement of facts and bills of exception was not dated, will not be considered on appeal, and such cause will be dismissed.

**2.—Same—Transcript Corrected—Change of Venue—Order of Court.**

Where a change of venue is ordered by a court, on his own motion his action will not be questioned when reasons set out are in compliance with statute. This court will presume that reasons of a court set out for changing the venue to another county were true, unless convincing evidence to the contrary is presented.

**3.—Same—Argument of Counsel—Proper to Reply to Statements of Opposing Counsel.**

Where counsel for appellant indulges in assertions not in evidence, it is permissible for counsel for state, within proper bounds to reply to such arguments.

4.—Same—Argument of Counsel—Instruction by Court to Disregard.

    Where the court at the time an improper argument is presented instructs the jury to disregard same, and later instructs them in writing to the same effect, such improper argument will be held harmless, unless it be of such a character that it is incapable of cure by such instructions.

    Appeal from District Court of Callahan County. Change of venue from Taylor County. Tried below before the Hon. W. R. Ely, Judge.
    Appeal from a conviction of murder; punishment, six years in the State penitentiary.

    *J. F. Cunningham* and, *W. E. Martin,* for appellant.

    *Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, and *Stinson, Coombes & Brooks,* for the State.

    LATTIMORE, Judge. We can not consider the record in this case. No judgment appears therein. Estes v. State, 38 Texas Crim. Rep., 506; Coleman v. State, 28 S. W. Rep., 951. There is no showing that the case was tried before a jury, or that there was arraignment or plea. Marks v. State, 10 Texas Crim. App., 334. Article 938, C. C. P., requires us to presume that when a jury is impaneled and sworn, same was properly done in the absence of a showing to the contrary, but we know of no authority authorizing us to presume that a case was tried before a jury when the record does not affirmatively show this fact. The transcript herein is made up of two parties,—twenty-six pages of which seem to have been filed in Taylor county, Texas, and the remainder in Callahan county. There is nothing about that part which was apparently filed in Taylor county to indicate that it ever was filed in Callahan county, after a change of venue was ordered. The same indictment is certified to have been returned by two grand juries, one impaneled in Taylor county in April, 1921, and the other in Callahan county in October, 1922. The indictment filed in the latter county is the only document in the second portion of transcript which is accompanied by file mark. Neither the purported charge of the court nor the motion for new trial are dated or filed. In Harvey v. State, 57 Texas Crim. Rep., 7, this court held it would not consider a motion for new trial which did not appear to have been filed. There is no order upon appellant's motion for a new trial and no notice of appeal. The order extending the time for filing statement of facts and bills of exception is not dated.
    The appeal must be dismissed. We have no wish to be critical, but there are many papers in this record wholly unnecessary, such as copies of orders for special venires, capiases, repetition of recognizances, the insertion of which adds to the cost and serves no useful purpose. In case it be found that this record can be corrected, we respectfully sug-

gest that only those things be placed therein which are necessary to bring the case properly before this court.

The appeal must be dismissed.

*Dismissed.*

ON MOTION TO RE-INSTATE APPEAL.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Callahan county of murder, and his punishment fixed at six years in the penitentiary.

The appeal was dismissed in this case at a former day of the term because of an insufficient transcript. Since said dismissal a new transcript has been filed correcting the errors and omissions of the one originally here presented, and we are now considering the case upon its merits.

The case originated in Taylor county and was transferred upon the court's own motion to Callahan county, in the same judicial district. Appellant reserved a bill of exceptions to the change of venue. The order of the learned trial judge changing the venue recites that it appeared to the satisfaction of the court that a trial alike fair and impartial to the accused and the State could not be had in Taylor county because of the large acquaintance in said county of both deceased and accused; the notoriety and publicity theretofore given the case in said county through the newspapers and other channels, and also because there had been a largely attended former trial of this case whose proceedings had been given to the public through newspapers, etc. The bill of exceptions taken to the action of the court in changing the venue asserts that the reasons set out in the order by the court were not in fact the court's reasons, and certain alleged statements of the learned trial judge were presented in the bill as originally prepared by appellant's counsel, as being statements made to Mr. Martin of counsel for the defense, from which statements other reasons would be inferred as those for the change of venue. However, said bill is qualied by the statement of the trial court that he made no such statements to Mr. Martin, and that a change of venue had been requested by appellant's counsel. The assertion in said bill of an assumption on the part of appellant that he could not get a fair and impartial trial in Callahan county, seems unsupported by anything in the bill as qualified and accepted by appellant. We note that no effort was made to have the venue changed from Callahan county when the case was called for trial there.

The only other bill of exceptions in the record complains of certain argument of an attorney assisting in the prosecution. From the court's qualification appended to this bill it appears that said argument was in reply to argument of one of appellant's attorneys, and viewed in the light of this qualification the bill presents no error.

There were no exceptions to the charge of the court, and none appear reserved to the admission or rejection of testimony. The facts support the conclusion of guilt arrived at by the jury, and an affirmance will be ordered.

*Affirmed.*

### ON REHEARING.

LATTIMORE, JUDGE.—The language attributed to counsel for the State in bill of exceptions No. 2, as originally prepared by counsel for the defense, cannot be accepted by us as a correct statement in view of what is said by the court in his qualification to the bill and the language set out by him as that used by counsel. Substantially, the argument of defense counsel on the point raised by said bill was that appellant had not mistreated his wife in support of which said counsel stated that if he had, the State would have put on the witness stand certain named relatives of appellant's wife and others to prove it. The learned trial judge certifies in his qualification to the bill that in reply to the argument of the defense counsel the State's attorney said that if he had been permitted to introduce said relatives to testify to the way appellant had treated his wife they could have covered him up with such proof. The court states that in his opinion such argument was provoked by that of the defense. We observe that the court instructed the jury both orally at the time and later in writing not to consider the argument. We do not think the matter one incapable of cure by such instruction, even if the statement went further than it should.

The motion for rehearing is overruled.

*Overruled.*